# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| MEGA LIFT SYSTEMS, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CASE NO. 6:08 CV 420 |
| | § | PATENT CASE |
| MGM WELL SERVICES, INC. | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant MGM Well Services, Inc.'s Federal Rule of Civil Procedure 12(b)(1) motion to dismiss for lack of subject matter jurisdiction (Docket No. 5). Having considered the parties' written submissions and oral arguments, the Court **GRANTS** the motion. The Court also **DENIES** MGM's motion to strike Mega Lift's supplemental opposition (Docket No. 19).

## BACKGROUND

The parties to this suit have a history of litigation. In May 2005, MGM filed a patent infringement complaint in the Southern District of Texas, alleging that Mega Lift's products infringed MGM's U.S. Patent No. 6,719,060 patent ("the Houston Litigation"). After a bench trial, the court issued its findings of fact and conclusions of law that the Mega Lift "Chaser" systems infringe the '060 patent. In addition to determining damages for the infringement, the court issued a permanent injunction restraining and enjoining Mega Lift from "manufacturing, using, offering for sale, or selling within the United States any plunger lift system . . . that infringes any claim of the '060 patent." *MGM Well Servs., Inc. v. Mega Lift Sys., LLC*, 4:05cv1634, Final Judgment (Docket No. 256) at 2 (S.D. Tex. April 25, 2007) (Atlas, J.). The Federal Circuit affirmed the judgment

1

without an opinion.

In April 2008, MGM filed a contempt motion in the Houston Litigation for Mega Lift's alleged violation of the permanent injunction. At a hearing in May 2008, the parties were able to reach a settlement of the contempt proceeding.

Between August 2008 and October 2008, MGM and Mega Lift exchanged various letters about Mega Lift's possible infringement of MGM's other patents. In the course of this correspondence, Mega Lift sent MGM several designs for new products that it believed would not infringe MGM's patents and asked MGM for an infringement opinion. MGM refused to give such an opinion. In late October 2008, Mega Lift informed MGM that Mega Lift had "stopped making, offering, or selling any and all two piece plungers" because of MGM's assertions that they may infringe MGM's patents.

On October 31, 2008, Mega Lift brought this two count declaratory judgment action in this Court. In count one, "Mega Lift seeks the declaration and judgment of this Court that Mega Lift does not and, in making, using, selling and offering for sale its new designs for two piece plunger lift systems, will not infringe" the reexamined U.S. Patent No. 6,467,541, the reexamined U.S. Patent No. 6,209,637, or the '060 patent. In count two, Mega Lift seeks a declaration that the '541 patent, the '637 patent, and the '060 patent are invalid and unenforceable. Although Mega Lift's first count includes a declaration that it "does not" infringe the patents-in-suit, Mega Lift's complaint is directed towards new products that it intends to manufacture and sell. *See* Docket No. 1, ¶¶ 6–7.

MGM moves to dismiss under Rule 12(b)(1) and argues that the Court lacks subject matter jurisdiction because Mega Lift is not seeking a declaratory judgment with respect to existing products, but only with respect to future products, and therefore does not satisfy Article III's claim

or controversy requirement.

## APPLICABLE LAW

"In a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "'Case of actual controversy' . . . refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III." *Medimmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126–127 (2007). For a declaratory judgment action to be justiciable, the parties' dispute must be "definite and concrete, touching the legal relations of parties having adverse legal interests," "real and substantial," and "admit of specific relief through a decree of conclusive character as distinguished from an opinion advising what the law would be upon hypothetical state of facts." *Id*. at 127. "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id*.

"A justiciable Article III controversy requires the party instituting the action to have standing and the issue presented to the court to be ripe." *Teva Pharms. USA, Inc. v. Novartis Pharms. Corp.*, 482 F.3d 1330, 1337 (Fed. Cir. 2007) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Article III requires that a plaintiff allege an injury fairly traceable to the defendant's allegedly unlawful conduct and likely be redressed by the requested relief. *Id*. "[A] declaratory judgment plaintiff is only required to satisfy Article III, which includes standing and ripeness, by showing under 'all the circumstances' an actual or imminent injury caused by the defendant that can be redressed by judicial relief and that is of 'sufficient immediacy and reality to warrant the issuance

3

of a declaratory judgment.'" *Id.* at 1338 (citing *Medimmune* 549 U.S. at 127).

Before *Medimmune*, the Federal Circuit had required a reasonable apprehension of suit and meaningful preparation to conduct potentially infringing activity for declaratory judgment jurisdiction to arise in a patent case. *Cat Tech LLC v. Tubemaster, Inc.*, 528 F.3d 871, 879 (Fed. Cir. 2008). *Medimmune* rejected the "reasonable apprehension of suit" requirement in favor of a totality of circumstances approach. *Id.* However, "the issue of whether there has been meaningful preparation to conduct potentially infringing activity remains an important element in the totality of circumstances which must be considered in determining whether a declaratory judgment is appropriate." *Id*. at 880. "If a declaratory judgment plaintiff has not taken significant, concrete steps to conduct infringing activity, the dispute is neither 'immediate' nor 'real' and the requirements for justiciability have not been met." *Id*.

The party invoking federal jurisdiction bears the burden of establishing Article III standing. *Lujan*, 504 U.S. at 561. "Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Id.* "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim." *Id*. (internal quotations omitted). "While later events may not create jurisdiction where none existed at the time of filing, the proper focus in determining jurisdiction are the facts existing at the time the complaint under consideration was filed." *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1337 (Fed. Cir. 2008).

4

## ANALYSIS

Accordingly, the issue before the Court is whether Mega Lift's declaratory judgment complaint alleges a case or controversy under the totality of the circumstances. Although Mega Lift's original complaint seeks a declaratory judgment that Mega Lift "does not . . . and will not infringe" the '541, '637, and '060 patents, it is undisputed that Mega Lift is not seeking a declaratory judgment as to products it currently makes or sells, but is seeking a declaratory judgment as to the products it *intends* to make and sell.

If a declaratory judgment plaintiff "has not taken significant, concrete steps to conduct infringing activity, the dispute is neither 'immediate' nor 'real' and the requirements for justiciability have not been met." *Cat Tech LLC*, 528 F.3d at 880. A declaratory judgment plaintiff is not required to have engaged in an actual sale or manufacture of the potentially infringing product, but must show some "meaningful preparation" to do so. *Id.* at 881.

Mega Lift's complaint alleges no facts—even when viewed in the light most favorable to Mega Lift—that support this Court's jurisdiction. In its complaint, Mega Lift states:

> Mega Lift sought clarification of MGM's specific allegations with regard to three potential two piece plunger lift systems which Mega Lift does not yet offer for sale, but which Mega Lift intends to offer for sale and sell, . . . . This threat of infringement by MGM against Mega Lift is damaging Mega Lift plans and efforts to sell its new, non-infringing two piece plunger lift systems to customers. . . . Mega Lift has not, at any time since MGM asserted infringement of the reexamined patents, used or specifically offered the new tools that are accused of infringing the reexamined '541 patent, the reexamined '637 patent and/or the '060 patent. Nevertheless, Mega Lift had, prior to the reexamined patents being issued and subject to the restrictions of the settlement agreement relating to the '060 patent, indicated to Mega Lift's customers that Mega Lift would be offering plunger lift systems, including two piece plunger lift systems.

Docket No. 1 at 3. Thus, Mega Lift alleges it has three new designs that it intends to offer for sale

5

and has indicated to its customers that it will offer for sale. Mega Lift's facts give no indication of when it plans to manufacture or sell the new designs. Mega Lift's complaint is silent as to any "meaningful preparation" Mega Lift has made to potentially infringe the patents at issue. Mega Lift did not include in its complaint any factual allegations about its readiness to manufacture and sell the new products, nor has Mega Lift amended or supplemented its complaint to include any such facts. The facts stated in the complaint do not allege any significant, concrete steps to conduct infringing activity that demonstrate any meaningful preparation to infringe. *See Cat Tech LLC*, 528 F.3d at 880 ("If a declaratory judgment plaintiff has not taken significant, concrete steps to conduct infringing activity, the dispute is neither 'immediate' nor 'real' and the requirements for justiciability have not been met."). Under these facts, the Court cannot determine whether Mega Lift is ready to infringe tomorrow or next year. These alleged facts, under all the circumstances, do not show that there is a "substantial controversy . . . of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *See Medimmune*, 549 U.S. at 127. Accordingly, Mega Lift's complaint fails to allege facts that demonstrate the parties' controversy is sufficiently actual, immediate, or ripe such that it satisfies Article III's case and controversy requirement.

Nor has Mega Lift included in its briefing any sworn declarations or affidavits or any other evidence that Mega Lift's designs are final and that Mega Lift is ready to manufacture and sell the new products at issue. All Mega Lift has offered to this effect is attorney arguments made in its supplemental opposition to MGM's motion to dismiss and at the hearing on this motion.

Finding jurisdiction in this case would run a great risk of the Court issuing an advisory opinion. Mega Lift has given the Court no assurance that its designs will not change dependant on the Court's claim construction rulings. This concerns the Court. While claim construction is a

matter of law and the Court's claim construction rulings are based on the intrinsic evidence in light of how one of skill in the art would understand the claims, parties' claim construction arguments and positions are based at least in part on the products at issue and the prior art. It would unfair to subject MGM to a declaratory judgment action where Mega Lift may completely redesign its products mid-litigation in response to an adverse claim construction ruling. There are certainly situations where the issues between the parties are sufficiently definite to bring a declaratory judgment action before the products at issue are manufactured or sold, *see Cat Tech LLC*, 528 F.3d at 871, but Mega Lift's allegations do not show that this is such a case.

Additionally, if this Court were to have jurisdiction, the Court would have serious concerns about keeping the case in the Eastern District, despite the Court's respect for a plaintiff's choice of venue. Not only has the '060 patent been fully litigated in the Southern District of Texas, but any infringement of that patent would be in violation of that court's permanent injunction. Thus, out of deference to Judge Atlas, the Court would seriously consider transferring at least the '060 patent to her court. Further, given the relatedness of the patents and products at issue, there would seem to be great efficiency in keeping the case together.

## CONCLUSION

For the reasons given, the Court **GRANTS** MGM's motion to dismiss. The Court **DENIES** as moot MGM's motion to strike Mega Lift's supplemental opposition. While the supplemental opposition was both untimely and beyond the Court's page limits, the supplemental opposition does not change the Court's analysis of the underlying motion to dismiss.

**So ORDERED and SIGNED this 29th day of June, 2009.**



**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**